[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-16815
Non-Argument Calendar
_____

D. C. Docket No. 97-00409-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN PLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 19, 2003)

Before TJOFLAT, BIRCH and GODBOLD, Circuit Judges.

PER CURIAM:

This case arises from a motion to withdraw as appointed appeals counsel pursuant to Anders v. California, 386 U.S. 738 (1967). In 1997 the appellant pled guilty to one count of importing cocaine into the United States in violation of 21 U.S.C. §952(a). He was ordered to serve 38 months in prison followed by three years of supervised release. He began serving his three year supervised release term in November of 2000. Between November of 2000 and August of 2002, the appellant repeatedly violated the terms of supervised release by testing positive for marijuana. Subsequent to the third positive testing he failed to report for further urinalysis and was arrested in October of 2002 on bond violations. The court, pursuant to 18 U.S.C. §3583(e)(3), (g) and (h) revoked appellant's supervised release and ordered that he be imprisoned for nine months followed by 51 months of supervised release. Appellant's counsel timely objected to the length of the supervised release and now appeals.

"This court reviews *de novo* the legality of a sentence, including a sentence imposed pursuant to revocation of a term of supervised release." U.S. v. Aimufa, 122 F.3d 1376, 1378 (11th Cir. 1997). In determining whether appointed counsel's motion to withdraw should be granted this court reviews the full record to determine whether the case is wholly frivolous. Anders, 386 U.S. at 744. If it finds "any of the legal points arguable on their merits . . . it must, prior to decision,

2

afford the indigent the assistance of counsel to argue the appeal." Id.

In U.S. v. Gresham this court found that 18 U.S.C. §3583(e)(3) authorizes a court revoking a person's supervised release to impose both a new prison term and a new term of supervised release. 18 U.S.C. §3583(e)(3) caps the length of supervised release pending on the class of felony originally committed and any prison term served after the initial supervised release revocation is subtracted from this cap. 325 F.3d 1262, 1267 (11th Cir. 2003). This court further held that "[i]mplicit in both the [U.S. v. Williams, 2 F.3d 363 (11th Cir. 1993)] panel's analysis and the Supreme Court's analysis in [Johnson v. U.S., 529 U.S. 694 (2000)] is the fact that the supervised release term starts anew once it is revoked. Neither court contemplated a defendant receiving credit for prior time served." Id.

Appellant's appeal addresses the issue of whether 18 U.S.C. §3583(h) requires the court to give credit for time previously served on supervised release when it revokes the initial term of supervised release and orders an additional prison term followed by a new term of supervised release. Subsection (h) states:

Supervised release following revocation -- When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant

3

be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

The above language differs from subsection (e)(3) in that it is silent on the issue of whether credit ought to be given for time previously served on post-release supervision.  The only credit that subsection (h) clearly enumerates is time served in prison post revocation of supervised release.  The Supreme Court has held that "[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." U.S. v. Smith, 499 U.S. 160, 167 (1991) (quoting Andrus v. Glover Constr. Co., 466 U.S. 608, 616-17 (1980).  Thus, by explicitly stating that credit shall only be given for time served in prison post revocation, congressional intent was to foreclose any other type of credit.  This silence is also consistent with subsection (e)(3), which also forecloses credit for time previously served on supervised release.  This decision is consistent with our sister circuits. U.S. v. Pettus, 303 F.3d 480, 484-5 (2d Cir. 2002); U.S. v. Cade, 236 F.3d 463,

4

467 (9th Cir. 2000).

Moreover, the appellant contends that the original sentence of three year supervised release ordered by the court binds the court on revocation to the maximum of three years that may be divided between additional supervised release and/or prison term. 18 U.S.C § 3583 (g) states that the court shall revoke the term of supervised release for enumerated instances including failing to comply with drug testing and repeatedly testing positive for illegal controlled substance. Upon revocation the court will "require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e) (3)." Subsection (e)(3) authorizes the court to impose additional prison term and/or supervised release not to exceed "5 years in prison if the offense that resulted in the term of supervised release is a class A felony," the class of felony of which the appellant had been convicted. These two subsections read in conjunction with subsection (h) authorize the court to divide the 5-year maximum sentence between prison term and supervised release as the court sees fit. The language of §3583(e)(3), (g) and (h) makes clear that the length of additional supervised release and prison term upon revocation is not bound by the original term of supervised release but by the class of felony of which the appellant is convicted. Thus "the aggregate of pre-revocation and post-revocation supervised

release terms may exceed the maximum length of supervised release that § 3583(b) dictates should attach to the underlying offense." <u>Gresham</u>, 325 F.2d at 1268.

Counsel's Motion to withdraw is GRANTED, and the revocation and sentence are AFFIRMED.