[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 10, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 08-11235
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 03-00581-CR-01-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS WAYNE BACKUS,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------

**(October 10, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Travis Backus appeals the 24-month sentence imposed upon revocation of his supervised release. No reversible error has been shown; we affirm.

Defendant, who was on supervised release after serving the incarceration portion of his sentence for possession of a firearm and possession of cocaine, in violation of 18 U.S.C. § 922(g)(3) and 21 U.S.C. § 844, respectively, offers no challenge to the revocation of his supervised release; he admitted to supervised release violations.[1] Defendant maintains that the 24-month sentence must be vacated because the district court committed procedural error -- the district court failed to calculate and articulate the applicable sentencing guidelines range -- and because the sentence imposed was unreasonable.

Defendant notes correctly that the district court failed to even mention the guidelines at the revocation hearing. Defendant argues that remand for resentencing is required because this Court cannot determine whether the district court calculated the guidelines range correctly or whether the district court

---

[1] Defendant admitted to the following supervised release violations: commission of three new offenses -- misdemeanor traffic violations and contempt of court -- during the period of supervised release; two instances of failing to report for urinalysis; one instance of failing to report to his probation officer; three instances of filing false reports with probation based on his failure to disclose his arrests and failing to notify probation of law enforcement contact; two instances of failing to submit monthly reports to probation; failure to maintain employment; and failure to report change of address. One of Defendant's arrests included a drug possession charge; Defendant entered an Alford plea to that charge and claims he had no knowledge of drugs found in the car he was driving.

complied with its duty to consult and consider the guidelines. See 18 U.S.C. § 3553(a)(4)(B); United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (district court must consider sentencing range established by the guidelines when imposing term of imprisonment after revocation of supervised release). Although the government did make reference to an applicable guidelines range of 12 to 18 months when recommending that the statutory maximum of 24 months be imposed, the district court itself said nothing that would indicate clearly that it had calculated the guidelines range and taken that range into account when sentencing.

Properly preserved objections to the legality of a sentence are reviewed de novo. United States v. Pla, 345 F.3d 1312, 1313 (11th Cir. 2003). But where, as here, the defendant made no objection to the claimed procedural failure, we review only for plain error.[2] See United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir.

---

[2] In United States v. Campbell, 473 F.3d 1345, 1348 (11th Cir. 2007), we held that the objection-elicitation requirement of United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993), applies to supervised release revocation proceedings. Under Jones, when a district court fails to elicit objections, we normally vacate the sentence and remand to allow the parties to state and explain their objections. Jones, 899 F.2d at 1103.

The district court did not follow precisely the Jones objection-elicitation requirement; it only inquired whether the parties had "[a]nything further." Had Defendant not responded with objections, the query of "[a]nything further" would not satisfy the Jones' requirement; no unspoken objections would be deemed waived. Campbell, 473 F.3d at 1348. But Defendant did object to the length of sentence; counsel understood that the query intended to elicit objections. In such situations, we have determined that Jones is satisfied. See United States v. Ramsdale, 179 F.3d 1320, 1324 n.3 (11th Cir. 1999).

3

2005) (where no challenge made to manner in which sentence is imposed, plain error review applies); United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

In the context of imposing sentence upon revocation of supervised release, we have said that it is sufficient if "some indication" exists that the district court considered the sentencing range. See id. at 1320. This is so because the guidelines have always been advisory for purposes of crafting a sentence when supervised release is revoked. See United States v. Campbell, 473 F.3d 1345, 1349 (11th Cir. 2003). But the government's reference to the guidelines range might provide an insufficient basis for us to conclude that the district court considered properly the guidelines calculation. See Campbell, 473 F.3d at 1349 (brief mention by defense counsel of guidelines range with no reference made by the district court insufficient evidence that district court considered sentencing range). And we will assume that this error is plain.

More is required to support a remedy on plain error review; it must be shown that the error affected substantial rights. See Parrish, 427 F.3d at 1348. The defendant must show that a reasonable probability exists that the error affected the outcome of the district court proceeding. United States v. Rodriquez, 398 F.3d 1291, 1301 (11th Cir. 2005). "[W]here the effect of an error on the result

4

in the district court is uncertain or indeterminate -- where we would have to speculate -- the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected." Id. When -- and only when -- an appellant has met this burden, this Court has discretion to notice the forfeited error if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation and citation omitted).

Defendant fails to carry his burden of showing a reasonable probability that the result would have been different had the district court articulated the guidelines calculation. The district court heard the government state its guidelines calculation of 12 to 18 months and the government's recommendation of the 24-month statutory maximum. Defendant made no argument at the revocation hearing -- and makes no argument on appeal -- that the government's calculation was in error. Defendant did argue that 24 months was too long; the district court considered and rejected a shorter sentence. The district court explained it's reason for imposing a 24-month sentence: Defendant had "one of the worst records" the district court had seen, failed to utilize tools available to him while on supervised release, failed to demonstrate responsibility and ignored lawful court orders,

showed contempt for the legal system, and needed to participate in a residential drug treatment program. Defendant fails to show the prejudice requisite to allow a remedy under plain error review.

Defendant also contends that the 24-month sentence imposed -- the statutory maximum -- substantively was unreasonable. The substantive reasonableness of the sentence imposed is reviewed under an abuse-of-discretion standard in the light of the totality of the circumstances. See Gall v. United States, 128 S.Ct. 586, 597 (2007); United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). For sentences outside the guidelines range, the district court must "ensure that the justification is sufficiently compelling to support the degree of the variance," but extraordinary circumstances are not required to justify such a sentence. Gall, 128 S.Ct. at 595, 597. We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 597. Defendant -- as the party challenging the reasonableness of the sentence -- bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The record makes clear that the district court considered the section 3553(a) factors in crafting the 24-month sentence imposed. As noted above, the district

court referenced Defendant's criminal history and characteristics, his need for treatment, and the need to promote his respect for the law. Defendant takes issue with the weight accorded the different section 3553(a) factors by the district court; but we will reverse only if the final sentence imposed lies outside the range of reasonable sentences. See United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007). We cannot say the 24-month sentence was "outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed 127 S.Ct. 3040 (2007), abrogated on other grounds Kimbrough v. United States, 128 S.Ct. 558 (2007). Defendant fails to show substantive unreasonableness.

AFFIRMED.