[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12006
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:00-cr-00059-WCO-JRS-1


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

RODNEY SOSEBEE,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 9, 2011)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Rodney Sosebee appeals his sentence of 18 months' imprisonment and 18 months' supervised release, which the district court imposed following the revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e)(3). On appeal, Sosebee does not challenge the district court's finding that he violated his supervised release. Nor does Sosebee argue that his sentence was procedurally unreasonable. His sole challenge on appeal is that the district court imposed a new prison sentence and new supervised release term that were substantively unreasonable. He asserts that his sentence was greater than necessary to promote the aims of sentencing under 18 U.S.C. § 3553(a).

I.

The relevant facts are these. On February 20, 2001, Sosebee was sentenced to 92 months' imprisonment and 48 months' supervised release, after he pled guilty to one count of distribution of more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). According to the presentence investigation report, Sosebee's criminal history category was IV. In December 2008, while serving his supervised release term, Sosebee was arrested and charged with theft by shoplifting, obstruction of an officer, and possession of drugs not in the original container. The district court modified Sosebee's supervised release and imposed a period of 120 days' home confinement with electronic monitoring.

On April 5, 2011, an amended summons and order to show cause why supervised release should not be revoked ("revocation petition") was filed by the probation office. This petition alleged the following violations: (1) on March 24, 2011, Sosebee committed the offense of theft by shoplifting when he and an accomplice stole a television and computer from Wal-Mart, in violation of state law; (2) Sosebee failed to attend several drug counseling and treatment sessions from November 2010 through March 2011; and (3) Sosebee associated with two known felons during the theft by shoplifting offense on March 24, 2011.

After a revocation hearing, the district court found that Sosebee had violated the conditions of his supervised release, and subsequently revoked his supervised release. Sosebee was sentenced to 18 months' imprisonment, with the recommendation that he receive drug treatment and placement in a medical facility. In addition, Sosebee was sentenced to 18 months' supervised release, incorporating all the conditions from his previous judgment and commitment order, including drug treatment. Sosebee objected to the length and reasonableness of the sentence. He also requested the court to reconsider the sentence of 18 months' supervised release, and the court declined, stating that Sosebee needed supervision until the court knew that he was "under control."

II.

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of his supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3583(e)(3); United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). Before imposing a sentence, the district court must consider: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (4) the kinds of sentences available; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3583(e) (cross-referencing the 18 U.S.C. § 3553(a) factors to consider when modifying or revoking a term of supervised release).

In addition to the district court's authority to impose a new prison term after revoking a defendant's supervised release, the court may also impose a new term of supervised release after imprisonment. 18 U.S.C. § 3583(e), (h); United States v. Pla, 345 F.3d 1312, 1314 (11th Cir. 2003). The length of the new supervised release term cannot exceed the term of supervised release authorized by statute for the offense that

resulted in the original term of supervised release minus any imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). "[A] sentence may be reviewed for procedural or substantive unreasonableness." United States v. Ellisor, 522 F.3d 1255, 1273 (11th Cir. 2008) (quotation omitted). We review both the procedural and substantive reasonableness of a sentence for an abuse of discretion. Id. at 1273 n.25. The party challenging the sentence has the burden of establishing that the sentence was unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence for abuse of discretion, we use a two-step process. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S. Ct. 674 (2010). We look first at whether the district court committed any significant procedural errors, and then at whether the sentence is substantively reasonable under the totality of the circumstances. Id. Although we do not automatically deem a sentence falling within the guidelines range to be reasonable, we ordinarily expect such a sentence to be reasonable. Tally, 431 F.3d at 788. "We may set aside a sentence only if we determine, after giving a full

5

measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc), cert. denied, 131 S. Ct. 1813 (2011). A sentence may only be vacated if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

After thorough review, we affirm. Giving deference to the district court, as we must, we conclude that Sosebee's total sentence was within the range of reasonable sentences based on the facts of the case and the totality of the circumstances. See United States v. Bradley, 644 F.3d 1213, 1304 (11th Cir. 2011) (stating that the appellate court should review sentences for substantive reasonableness by "determin[ing] the range of reasonable sentences dictated by the facts of the case, taking into account the totality of the circumstances and giving deference to the district court.").

Sosebee has failed to meet his burden of showing that his sentence was unreasonable. First, Sosebee's 18-month imprisonment sentence was below the maximum sentence authorized by statute for sentences imposed upon revocation of supervised release. Accord Sweeting, 437 F.3d at 1107 (observing, in upholding the

reasonableness of a sentence imposed upon revocation of supervised release, that the sentence was within the statutory maximum sentence). Sosebee was convicted of distributing more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and the statutory maximum sentence for this offense is 40 years' imprisonment, which results in this offense being classified as a Class B felony. See 21 U.S.C. § 841(b)(1)(B)(viii); 18 U.S.C. § 3559(a)(2) (stating that an offense with a maximum term of imprisonment of 25 years or more is classified as a Class B felony). The maximum term of imprisonment following revocation of supervised release for an original conviction of a Class B felony is three years. See 18 U.S.C. § 3583(e)(3). Sosebee's 18-month imprisonment sentence was below the 3-year or 36-month statutory maximum imprisonment term authorized upon the revocation of his supervised release.

Similarly, Sosebee's 18-month term of supervised release was well below the statutory maximum. Upon revocation of supervised release, the district court was permitted to include a term of supervised release after a term of imprisonment that did not exceed the term of supervised release authorized by the original conviction minus any term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Here, Sosebee's original supervised release term was based on his conviction for the Class B felony of distribution of more than 50 grams of

methamphetamine, and a maximum of 5 years of supervised release is authorized by statute. 18 U.S.C. § 3583(b)(1). Therefore, 5 years or 60 months minus the 18-month imprisonment term yields a maximum 42-month supervised release term. Sosebee's 18-month supervised release term was far less than the maximum 42-month supervised release term, and did not violate 18 U.S.C. § 3583(h).

Sosebee's 18-month imprisonment sentence was also within the relevant guidelines' range. With the original offense being a Class B felony, and with Sosebee's prior criminal history category of IV, the district court correctly determined that Sosebee's guidelines' range was 12 to 18 months, pursuant to U.S.S.G. § 7B1.4(a). Although Sosebee's 18-month imprisonment sentence represented the highest end of the applicable guidelines' range, we ordinarily expect a sentence within the guidelines to be reasonable. See Tally, 431 F.3d at 788.

Finally, the total sentence was reasonable based on the district court's compliance with 18 U.S.C. § 3583(e) and the applicable 18 U.S.C. § 3553(a) factors. During sentencing, the court addressed the § 3553(a) sentencing factors, including the need for punishment, deterrence, and societal protection, all of which supported a lengthy sentence. Sosebee admits that he violated the conditions of his original supervised release. Based on the evidence, the district court concluded that Sosebee's March 2011 theft by shoplifting offense was a felony, and not a mere misdemeanor.

In addition, before Sosebee was charged with the current theft by shoplifting violation, his supervised release was modified because of several charges, including theft by shoplifting. Thus, the need for punishment was substantial because Sosebee had engaged in the same criminal conduct before, and a lengthy sentence of imprisonment could show that the district court was responding to Sosebee's recidivism and past criminal history in the hopes of deterring future criminal conduct by Sosebee. In short, the district court did not abuse its discretion in sentencing Sosebee, and we are not at all "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Pugh, 515 F.3d at 1191(quotation omitted).

    **AFFIRMED.**