[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10738
Non-Argument Calendar
_____

D.C. Docket No. 1:02-cr-00133-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES DENNIS BRITTON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 23, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Dennis Britton, Jr., appeals his 36-month sentence imposed upon revocation of his supervised release.  First, he argues that the district court erred by failing to elicit objections after imposing the sentence, in violation of *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (en banc).  Second, he argues that the district court erred by failing to correctly calculate, or even reference, his advisory guideline range of 24 to 30 months' imprisonment during the revocation hearing.  We vacate Britton's sentence and remand for re-sentencing.[1]

I.

In *Jones*, we held that "after imposing a sentence, the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based." *United States v. Campbell*, 473 F.3d 1345, 1347-48 (11th Cir. 2007) (applying *Jones* to supervised release revocation proceedings).  A court violates *Jones* when it

---

[1]    Britton also argues that the court erred by increasing his original 34-month sentence by 2 months based on factually incorrect information.  We need not address this issue in light of the necessity to remand for re-sentencing, but we note that on remand the district court should consider the factual basis behind this increase in Britton's sentence.  Additionally, in light of our remand, we need not address whether Britton's sentence is substantively unreasonable.

"merely asks if there is 'anything further?' or 'anything else?' and neither party responds with objections." *Id.* at 1348. When the district court fails to comply with *Jones*, we will generally vacate the sentence and remand to provide the parties with an opportunity to present their objections, unless the record on appeal is sufficient to enable review. *Id.* at 1347. If remand is unnecessary because the record is sufficient to enable meaningful appellate review, we will review the legality of the sentence under a preserved error standard of review. *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006).

Here, the court did not ask defense counsel if there was "anything else" or otherwise inquire as to the sentence in any way that would offer an opportunity to object before concluding the hearing. Britton's attorney did on his own accord object to the substantive reasonableness of the original 34-month sentence, but even assuming *arguendo* that this is sufficient to satisfy *Jones*, the court did not properly elicit objections to the 36-month sentence. By failing to elicit fully-articulated objections, the court did not comply with the procedure in *Jones*. Thus, we review Britton's remaining claim for preserved, rather than plain, error.

## II.

We review *de novo* the legality of a sentence imposed pursuant to revocation of supervised release. *United States v. Pla*, 345 F.3d 1312, 1313 (11th

3

Cir. 2003).  We conclude, however, that the record on appeal is not sufficient to enable meaningful appellate review.  *See Campbell*, 473 F.3d at 1348-49.

For sentences imposed upon revocation of supervised release, the sentencing range is based on (1) the classification of the revocation-producing conduct into one of three grades, and (2) the criminal history category applicable at the time the defendant originally was sentenced to the term of supervision. U.S.S.G. §§ 7B1.1, 7B1.4.  A district court may revoke a defendant's supervised release and "impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a)."  *Campbell*, 473 F.3d at 1348.  One factor the court must consider is the sentencing range.  *Id.*  "[B]ecause the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing *range* established under the Guidelines."  *Id.* at 1349 (citations omitted) (quotation marks omitted).

In *Campbell*, we held that we could not review the sentence because (1) "the district court never explicitly mentioned Campbell's advisory Guidelines range during the revocation hearing," and (2) "the district court never mentioned the criminal classification of the crime for which Campbell's supervised release was

4

revoked." *Id.* The fact that defense counsel "briefly mentioned" the guideline range was insufficient where the court did not itself make any conclusion regarding the applicable range on the record. *Id.* at 1349 n.2. We accordingly vacated Campbell's sentence and remanded for re-sentencing.

Here, as in *Campbell*, the court erred when it failed to correctly calculate the guideline range or even mention the word "Guidelines" during the revocation hearing. The district court never referenced the guideline range of 24 to 30 months, nor did the court provide any reasons for exceeding the guideline range. Because it cannot be determined from the record whether the court considered his advisory sentencing range, we vacate Britton's sentence and remand for re-sentencing.

**VACATED and REMANDED.**