[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10286
Non-Argument Calendar
_____

D.C. Docket No. 1:03-cr-00155-CAP-ECS-9


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS REVERE,
a.k.a. Top Cat,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 9, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Demetrius Revere appeals the revocation of his supervised release and his sentence of one year and one day in prison, followed by 47 months of supervised release. Revere argues that the district court violated his right to due process under the Fifth Amendment when it admitted into evidence a laboratory report recording the concentration of marijuana in his blood during eight drug tests. Revere contends, for the first time, that the admission of the report violated his right of confrontation under the Sixth Amendment and the procedures governing revocation proceedings in Federal Rule of Criminal Procedure 32.1. Revere also challenges the reasonableness of his sentence. The government responds that any error caused by admission of the report was invited and harmless, and Revere's sentence is reasonable. We affirm.

We need not decide whether Revere invited the district court to admit the laboratory report because any error created by its admission was harmless. The district court was required to revoke Revere's supervised release and sentence him to a term of imprisonment. *See* 18 U.S.C. § 3583(g)(3), (g)(4); *United States v. Gari*, 572 F.3d 1352, 1362 (11th Cir. 2009); *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009). Revere admitted that he violated the conditions of his supervised release by failing to report for drug testing and by testing positive for marijuana more than three times in one year.

2

The district court did not abuse its discretion by sentencing Revere to a custodial sentence of one year and one day.  The district court twice modified the conditions of Revere's supervised release after he failed drug tests, refused to attend counseling, failed to report for drug testing, and tampered with a urine sample.  After Revere proceeded to take a trip after being denied permission to do so, tested positive for marijuana 12 times, failed to report for drug tests 8 times, and tested positive for opiates, the district court was required to revoke his supervised release and sentence him to a term of imprisonment.  *See* 18 U.S.C. § 3583(g)(3), (g)(4).  Revere, who had committed a class A offense by attempting to commit a murder in furtherance of a conspiracy to engage in a racketeering activity, faced a maximum sentence of five years of imprisonment following the revocation of his supervised release.  *See id.* §§ 1963(a), 3559(a)(1), 3583(b)(1). The district court considered the sentencing factors, *see id.* § 3553(a), although it was not required to do so, *see id.* § 3583(g), and determined that one year of imprisonment would curtail Revere's access to marijuana.  At Revere's request, the district court added one day to the custodial sentence so Revere could be eligible for good time credit reductions.

Revere argues that the district court exceeded its authority by imposing 47 months of supervised release in addition to the two years he had served, but "[section] 3583 imposes no 'statutory maximum' on the aggregate amount of time

3

a defendant may be required to serve on supervised release for multiple violations of the conditions of supervised release," *United States v. Gresham*, 325 F.3d 1262, 1268 (11th Cir. 2003). "[T]he length of additional supervised release and prison term upon revocation is . . . [limited only] by the . . . term of supervised release [that can be imposed for] . . . the class of felony of which the appellant is convicted," *United States v. Pla*, 345 F.3d 1312, 1315 (11th Cir. 2003), and Revere's terms of imprisonment and of supervised release were less than his maximum statutory sentence of 5 years. And the district court was entitled to divide Revere's sentence "between [a] prison term and supervised release as [it saw] fit." *Id.* Revere's sentence is reasonable.

We **AFFIRM** the revocation of Revere's supervised release and his sentence.