[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12254
Non-Argument Calendar
_____

D.C. Docket No. 1:13-tp-20114-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOAN ALVAREZ-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 31, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Yoan Alvarez-Hernandez appeals his sentence of 15 months of imprisonment, which the district court imposed after it revoked his supervised release for the third time. We affirm.

Alvarez-Hernandez was convicted in 2012 of conspiracy to defraud, 18 U.S.C. § 371, access device fraud, *id.* § 1029(a)(3), (c)(1)(A)(i), and mail fraud, *id.* § 1341, which were Class C and D felonies. The district court sentenced him to a term of 15 months' imprisonment, followed by 1 year of supervised release.

After Alvarez-Hernandez's first revocation of supervised release in 2013, the district court sentenced him to an additional term of 4 months' imprisonment, followed by 24 months of supervised release. After Alvarez-Hernandez's second revocation of supervised release in 2014, the district court sentenced him to time served and placed him on supervised release for another 32 months. After Alvarez-Hernandez's third revocation of supervised release in 2015, the district court sentenced him to an additional term of 15 months' imprisonment, followed by no supervised release.

Alvarez-Hernandez argues that his right to liberty is being violated because he was sentenced to and will have been incarcerated for a total of 40 months based on all of the revocations of his supervised release, even though his original sentence consisted of 15 months' imprisonment and 1 year of supervised release.

We note that Alvarez-Hernandez has not filed a copy of the transcript of his final revocation hearing concerning his third revocation of supervised release.

We review *de novo* "the legality of a sentence, including a sentence imposed pursuant to revocation of a term of supervised release." *United States v. Pla*, 345 F.3d 1312, 1313 (11th Cir. 2003). A court revoking a defendant's supervised release may impose both a new prison term and a new term of supervised release. *Id.* at 1314. The new term of imprisonment cannot exceed the statutory maximum custodial revocation sentence, which is determined by the grade of the felony offense that resulted in the term of supervised release. *See* 18 U.S.C. § 3583(e)(3). If a district court finds that a defendant has violated a condition of supervised release, the district court may not sentence the defendant to more than 24 months' imprisonment on any revocation if the original offense is a Class C or D felony. *Id.* In *United States v. Cunningham*, 800 F.3d 1290 (11th Cir. 2015), we held that "upon each revocation of supervised release a defendant may be sentenced to the felony class limits contained within § 3583(e)(3) without regard to imprisonment previously served for revocation of supervised release." *Id.* at 1293.

We affirm Alvarez-Hernandez's sentence. Despite the lack of transcript and its effect on ascertaining whether Alvarez-Hernandez raised his argument before the district court, his appeal fails. The district court had the authority to sentence Alvarez-Hernandez to a maximum term of 24 months' imprisonment for each

3

revocation of his supervised release. Alvarez-Hernandez was never sentenced on any single revocation to more than 24 months' imprisonment, and his most recent revocation resulted in a sentence of 15 months, with no additional supervised release to follow. The district court did not err.

**AFFIRMED.**