**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11420

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KARIJMAH TREMAINE MOSLEY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00107-WFJ-AEP-1

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Upon revoking Karijmah Mosley's supervised release for violating its conditions, the district court imposed a sentence consisting of a 2-year term of imprisonment followed by a 1-year term of

supervised release.  Mosley asserts that the district court abused its discretion by imposing an unreasonable sentence because the court didn't give proper weight to mitigating factors and failed to adequately justify the sentence.  After careful review, we affirm.[1]

We review the reasonableness of a sentence for an abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  We apply the same standard of review to a sentence imposed upon revocation of supervised release.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  "In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the [district] court and we will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes."  *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (citation modified).  "[T]he party challenging the sentence bears the burden of showing it is unreasonable."  *United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024).

If the district court determines, by a preponderance of the evidence, that the defendant violated a condition of supervised release, it may revoke the supervised release and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of

---

[1] Mosley completed his term of imprisonment on July 3, 2025, but he is still under supervised release, a "collateral consequence" of his conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  His challenge to the length of his prison sentence could affect the start date—and, therefore, the end date—of his term of supervised release.  Because he maintains "a personal stake in the outcome" of this litigation, his appeal is not moot.  *Id.*

supervised release." 18 U.S.C. § 3583(e)(3).  The district court may also "include a requirement that the defendant be placed on a term of supervised release after imprisonment." *Id*. § 3583(h).  The new term of supervised release is not bound by the length of the previously imposed term, but instead by the underlying felony committed. *United States v. Pla*, 345 F.3d 1312, 1315 (11th Cir. 2003).  It cannot be longer than "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).  The statutory maximum term of supervised release for possession of a firearm as a convicted felon, which is a Class C felony, is three years. *Id*. § 3583(e)(3).

When we review the reasonableness of a sentence imposed upon revocation of supervised release, we first evaluate "whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).  There was no such procedural error here.  The district court confirmed with both parties that its calculation of Mosley's guideline range of 21 to 24 months' imprisonment was accurate and explicitly stated that it had considered the advisory Guidelines and policy statements, demonstrating that it evaluated the relevant § 3553(a) factors.  18 U.S.C.  § 3583(e);  *id*.  § 3553(a).  Additionally,  the  court

acknowledged that it had heard both parties' arguments, indicating that it considered Mosley's mitigating evidence, including his request for a downward variance based on an inapplicable amendment to the Sentencing Guidelines, the period of illness he suffered in prison, and his assertion that he should have been released on home confinement. *See* 18 U.S.C. § 3583(e); *id.* § 3553(a)(1). To the extent that Mosley argues that the district court did not properly evaluate his other mitigating factors, any such omission did not indicate that the court "erroneously 'ignored' or failed to consider [that] evidence," as it was not required to explicitly discuss all of Mosley's mitigating evidence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Next, we examine "whether the sentence is substantively reasonable in light of the totality of the circumstances" and the § 3553(a) factors. *Trailer*, 827 F.3d at 936. The relevant § 3553(a) factors that a court must consider before imposing a sentence upon revocation include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence and to protect the public from the defendant's further crimes, the need to provide the defendant with necessary educational or vocational training or medical care, the relevant guideline range, pertinent sentencing policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7)). But a district court may not consider the "retributive purpose of § 3553(a)(2)(A)," which concerns the need for a sentence to reflect the seriousness of a criminal offense,

promote respect for the law, and provide just punishment for the offense, in sentencing a defendant upon revocation of supervised release. *Esteras v. United States*, 145 S. Ct. 2031, 2045 (2025); 18 U.S.C. § 3553(a)(2)(A). A court imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Butler*, 39 F.4th at 1355. A court "commits a clear error of judgment when it weighs the § 3553(a) sentencing factors unreasonably." *Id.*

Although the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court "may attach great weight to one § 3553(a) factor over others." *Id.* The court does not even have to explicitly state on the record that it has considered all the factors or expressly discuss each of them. *See United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). Further, the court's failure to discuss mitigating evidence does not indicate that it "erroneously ignored or failed to consider this evidence." *Amedeo*, 487 F.3d at 833 (citation modified). Additionally, a district court is not required to provide a separate explanation for a term of supervised release imposed in addition to a term of imprisonment, because its "reasoning inevitably supports both the imprisonment and supervised release portions of the . . . sentence." *United States v. Hamilton*, 66 F.4th 1267, 1276 (11th Cir. 2023).

Here, the district court did not abuse its discretion by imposing Mosley's sentence, as both terms were substantively reasonable. When it explained the purpose of the curfew condition of the supervised release, the district court described Mosley's extensive criminal history, suggesting that it had considered Mosley's history and characteristics, the objective of deterrence, and the need to protect the public from Mosley's future crimes in imposing his sentence. App. 115–16. The court also explicitly stated that it had considered the § 3553(a) factors and determined that the sentence imposed was "sufficient but not greater than necessary to satisfy the purposes of sentencing." App. 118. Furthermore, Mosley's 2-year sentence was within the guideline range, and his 1-year term of supervised release was permissible under the Guidelines and § 3583(h), further supporting the conclusion that the district court's sentence was "in the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355; U.S.S.G. § 7B1.4(a), (b)(1); *id.* § 7B1.3(g)(2); 18 U.S.C. § 3583(e)(3), (h).

Additionally, while Mosley asserts that the district court's explanation for imposing a statutory maximum sentence was inadequate, the district court, as already explained, sufficiently described the justifications for its chosen sentence. App. 115–16, 118. The court was not required to expressly discuss each factor and had the discretion to attach great weight to certain factors, such as those related to Mosley's criminal history, over others. *Ortiz-Delgado*, 451 F.3d at 758; *Butler*, 39 F.4th at 1355. Moreover, the district court did not have to provide a separate, additional explanation for the term of supervised release, as its reasoning adequately supported both

components of Mosley's sentence. *See Hamilton*, 66 F.4th at 1276. Thus, Mosley has not shown that the district court failed to consider relevant factors, improperly weighed certain factors, committed a clear error of judgment, or otherwise abused its discretion in imposing his sentence. *Butler*, 39 F.4th at 1355; *Boone*, 97 F.4th at 1338–39.

Because Mosley's sentence of a 2-year term of imprisonment followed by a 1-year term of supervised release was "in the ballpark of permissible outcomes," it was reasonable. Accordingly, we affirm the district court's sentence.

**AFFIRMED.**