[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14993
_____

D.C. Docket No. 2:08-cr-00024-LGW-RSB-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

JOHN A. CUNNINGHAM,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 2, 2015)

Before ROSENBAUM and FAY, Circuit Judges, and MIDDLEBROOKS,[*] District Judge.

PER CURIAM:

---

[*] The Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.

John Cunningham appeals his sentence of 24 months' imprisonment imposed after the third revocation of his supervised release.  He contends that his revocation sentence was illegal because it exceeded the 14 months remaining on his then existing term of supervised release.

## I.  Background

Cunningham was originally sentenced to 30 months of imprisonment followed by three years of supervised release for failure to register as a sex offender, in violation of 18 U.S.C. § 2250 (a Class C felony).

Following his release from prison, Cunningham violated the terms of supervised release and was sentenced in August 2011 to eight months in prison followed by 24 additional months of supervised release.

He violated his second term of supervised release and was sentenced in March 2013 to another 14 months in prison followed by 14 months of supervised release.

After completing his term in prison, he violated supervised release for a third time.  At his revocation hearing, Cunningham argued that he could only be sentenced to a maximum of 14 months' imprisonment, the length of supervised release imposed at his last revocation.  After a hearing and additional briefing, the district court sentenced Cunningham to 24 months in prison with no supervision to follow.

2

Cunningham timely appealed.

## II.  Standard of Review

We review *de novo* the legality of a sentence, including a sentence imposed pursuant to revocation of supervised release.  *United States v. Pla*, 345 F.3d 1312, 1313 (11th Cir. 2003).

## III.  Discussion

A sentencing court may impose a term of supervised release following imprisonment as part of the sentence.  18 U.S.C. § 3583(a).  The authorized terms of supervised release are:  (1) not more than five years for a Class A or B felony; (2) not more than three years for a Class C or D felony; and (3) not more than one year for a Class E felony or misdemeanor (other than a petty offense).  18 U.S.C. § 3583(b).

Revocation of supervised release is governed by 18 U.S.C. § 3583(e)(3). Since 2003, the relevant part of § 3583(e)(3) has read as follows:

> The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony . . . .

18 U.S.C. § 3583(e)(3).  In addition to revoking the defendant's supervised release and imposing a term of imprisonment, the district court

3

may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

Cunningham contends that § 3583(e)(3) only authorized revocation of his "current term of supervised release" or 14 months.  He argues that "the term of supervised release authorized by statute," which is the actual wording of § 3583(e)(3), must be read in concert with § 3583(h) – that "[o]nce a defendant has his original term of supervised release revoked, then 'the term of supervised release *authorized by statute* for the offense that resulted in such term of supervised release' is controlled by 18 U.S.C. § 3583(h)."  (Appellant's Brief at 10).  In other words, he reads the aggregate limitation contained in § 3583(h) to constrain the sentence "authorized by statute" in § 3583(e)(3).

While this is an issue of first impression for us, Cunningham concedes that his argument has been rejected by several other circuits.  *See United States v. Spencer*, 720 F.3d 363 (D.C. Cir. 2013); *United States v. Williams*, 675 F.3d 275 (3d Cir. 2012); *United States v. Hunt*, 673 F.3d 1289 (10th Cir. 2012); *United States v. Hampton*, 633 F.3d 334 (5th Cir. 2011).  We likewise conclude that his analysis rests on a strained interpretation of the statutory language and ignores Congressional intent and the overall statutory framework.

4

We see no reason to import § 3583(h)'s aggregation requirement into § 3583(e)(3).  The "term of supervised release" identified by § 3583(e)(3) is that "authorized by statute *for the offense*."  (emphasis added).  This plainly refers to the underlying criminal offense resulting in conviction.  No reference is made to subsection (h) or to any term of supervised release previously imposed.

As the Third Circuit pointed out in rejecting an identical argument, subsection (h) serves different purposes.  It expressly authorizes a district court that has revoked supervised release and ordered imprisonment to require additional supervised release after that imprisonment.[1]  *Williams*, 675 F.3d at 279.  Additionally, its aggregation requirement, by acting as a cap on post-revocation supervised release, ensures that a defendant is not at risk for an unlimited cycle of imprisonment and supervised release.  *See also Hampton*, 633 F.3d at 339.

Our plain meaning construction of § 3583(e)(3) is supported by its amendment history.  Prior to 1994, § 3583(e)(3) stated, in pertinent part, that a district court could

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release . . . except that a person whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if the offense was a Class C or D felony.

---

[1] Section 3583(h) was added to the statute in 1994, and explicitly gave district courts the power to impose another term of supervised release following imprisonment.  Several circuits had previously held that § 3583(e)(3) did not authorize a district court to impose a new term of supervised release following revocation and reimprisonment.  *See Johnson v. United States*, 529 U.S. 694, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000).

18 U.S.C. § 3583(e)(3) (Supp. V 1993).  Revocation was therefore limited by, and could not exceed, the term of supervised release imposed by the original sentencing court.

> In 1994, the statute was amended to allow a district court to
>
> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release *authorized by statute for the offense that resulted in such term of supervised release* . . . .

Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322 § 110505(3), 108 Stat. 1796, 2016-17 (1994) (amendment italicized).  Under this version, revocation was no longer limited by the original sentence, but instead by statutory caps.  *See United States v. Williams*, 425 F.3d 987 (11th Cir. 2005), *abrogated on other grounds*.  However, a number of circuits, including the Eleventh, subsequently held that the revocation statutory caps were cumulative limits that allowed credit for time served in previous violations of supervised release.  *Id.*

In 2003, Congress amended § 3583(e)(3) to expressly provide that the statutory caps now apply to each revocation of supervised release.  The PROTECT Act added the phrase "on any such revocation" so that it now provides "a defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation* more than . . . 2 years if such offense is a class C or D

6

felony[.]"  Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today ("PROTECT") Act, Pub. L. 108-21, § 101, 117 Stat. 650, 651 (April 30, 2003) (amendment italicized).

Nothing in this amendment history supports Cunningham's arguments.  To the contrary, the amendments demonstrate Congress's intent that (1) subsequent revocations not be dependent on the term of supervised release initially imposed; (2) statutory caps are per-revocation limits not subject to aggregation; and (3) another term of supervised release may be imposed after release following revocation and reimprisonment subject to credit for prior revocation.

In short, § 3583(e)(3) and § 3583(h) operate harmoniously within the overall statutory scheme.  While the aggregation requirement of § 3583(h) places an indirect constraint upon the total amount of revocation imprisonment a defendant may receive, it does so by limiting post-imprisonment supervision, not circumscribing the plain language of § 3583(e)(3).  We therefore hold, as have each of the circuits that have examined the question, that upon each revocation of supervised release a defendant may be sentenced to the felony class limits contained within § 3583(e)(3) without regard to imprisonment previously served for revocation of supervised release.

## IV. Conclusion

We affirm the judgment of the district court revoking Cunningham's

Supervised Release and sentencing him to 24 months' imprisonment.

AFFIRMED.