[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12326
Non-Argument Calendar
_____

D.C. Docket No. 1:03-cr-00035-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCEDES POPE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 26, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Marcedes Pope appeals his five year sentence for violating the terms of his

supervised release.

## I.

In 2004 Pope pleaded guilty to possession with intent to distribute 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  The district court sentenced him to 135 months imprisonment and five years supervised release.[1]  In 2015, while on supervised release, Pope was arrested twice in a little more than a month.  Based on those two arrests, a probation officer petitioned to revoke Pope's supervised release, charging him with five violations of supervised release conditions.  Because Pope's supervised release was originally imposed as part of a sentence for a class A felony, the officer calculated his advisory guidelines range as 30–37 months imprisonment with a statutory maximum of five years.  See United States Sentencing Guidelines § 7B1.4.

At his revocation hearing, Pope objected to the advisory guidelines range. He argued that although his 2004 conviction was a class A felony when he was convicted, under the 2010 Fair Sentencing Act, the same conviction would now be considered a class B felony.  If it were considered a class B felony, Pope's advisory guidelines range would be 18–24 months imprisonment with a statutory maximum of three years, not 30–37 months with a statutory maximum of five

---

[1] Pope later moved to reduce his sentence based on an intervening amendment to the United States Sentencing Guidelines.  The court granted that motion and lowered his term of imprisonment to 120 months.

years.  See 18 U.S.C. § 3583(e)(3).

The district court overruled Pope's objection and sentenced him to five years imprisonment.  This is Pope's appeal.  He contends that his sentence is procedurally and substantively unreasonable because the district court erred by imposing the maximum sentence permitted for a violation of supervised release conditions for a class A felony when the Fair Sentencing Act reclassified his 2004 drug offense as a class B felony.

## II.

"We review de novo the legality of a sentence, including a sentence imposed pursuant to revocation of supervised release."  United States v. Cunningham, 800 F.3d 1290, 1291 (11th Cir. 2015).  A district court may revoke a term of supervised release and impose a term of imprisonment if it finds that a defendant violated a condition of supervised release.  18 U.S.C. § 3583(e)(3).  But a defendant whose term is revoked under § 3583(e)(3) may not be sentenced to "more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony" or "more than 3 years in prison if such offense is a class B felony."  Id.  A class A felony is any felony for which the authorized term of imprisonment is life. Id. § 3559(a)(1).  And a class B felony is one for which the authorized term of imprisonment is 25 years or more.  Id. § 3559(a)(2).

When Pope was convicted and sentenced in 2004, the statutory maximum

3

sentence for possession with intent to distribute 50 grams of cocaine base was life imprisonment.  21 U.S.C. § 841(b)(1)(A)(iii) (2002).  So he had committed a class A felony.  In 2010 the Fair Sentencing Act set the maximum sentence for possession with intent to distribute 50 grams of cocaine base at 40 years imprisonment.  Id. § 841(b)(1)(B)(iii) (2012).  That is a class B felony.

Pope argues that his offense is now a class B felony, and the district court erred when it treated it as a class A felony.  That argument fails.  The Supreme Court has held that when a court revokes a defendant's term of supervised release, "postrevocation penalties relate to the original offense."  Johnson v. United States, 529 U.S. 694, 701, 120 S. Ct. 1795, 1801 (2000); see also United States v. Williams, 790 F.3d 1240, 1251 (11th Cir. 2015) ("[S]upervised release is simply part of the sentence for the underlying conviction" and "post-revocation penalties are contemplated in relation to the original offense.").  And we have held that the Fair Sentencing Act "does not apply retroactively" to defendants sentenced before its effective date.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012) ("[T]here is no evidence that Congress intended the [Fair Sentencing Act] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.") (quotation marks and alterations omitted).

Pope asserts that the Fair Sentencing Act does apply to his original conviction because in Dorsey v. United States, 567 U.S. 260, 264, 132 S. Ct. 2321,

4

2326 (2012), the Supreme Court held that the Fair Sentencing Act's more lenient standards apply to all defendants who are sentenced after the Act's effective date, even when they committed the offense before the effective date.  But unlike the defendants in Dorsey, Pope was originally convicted and sentenced in 2004, well before the Act's effective date.  Dorsey does not apply.  See id. at 280, 132 S. Ct. at 2335 ("[T]he ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."); see also Berry, 701 F.3d at 378 ("The Supreme Court in Dorsey carefully confined its application of the [Fair Sentencing Act] to pre-Act offenders who were sentenced after the Act's effective date."); United States v. Turlington, 696 F.3d 425, 428 (3d Cir. 2012) (concluding that Dorsey "does not address, or disturb, the basic principle that the [Fair Sentencing Act] does not apply to those defendants who were both convicted and sentenced prior to the effective date of the" Act).

Because the Fair Sentencing Act does not apply to sentences imposed before its effective date, Pope's conviction is still to be treated as a class A felony.  And because his revocation penalty relates back to his original conviction and sentence, the district court did not err by sentencing him to five years imprisonment, the statutory maximum for revocation of supervised release when the underlying conviction is a class A felony.  See 18 U.S.C. § 3559(a)(1); Turlington, 696 F.3d at 427 (holding that "the District Court was correct to sentence [the defendant] based

5

on the original classification of the underlying offense as a class A felony" even though the Fair Sentencing Act would classify the underlying offense as a class B felony).

**AFFIRMED.**