[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11223

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DOMINIQUE WIMBLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:17-cr-00109-TJC-JBT-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Dominique Wimbley appeals his sentence. Wimbley received 24 months' imprisonment and 12 months' supervised release after revocation of his initial supervised release.

Wimbley argues the district court failed to consider 18 U.S.C. § 3583(h)'s limitation on the imposition of supervised release. If the court had considered the limitation, according to Wimbley, it would not have imposed the maximum statutory term.

## I.

We typically review *de novo* the legality of a sentence imposed upon revocation of supervised release. *United States v. Cunningham*, 800 F.3d 1290, 1291 (11th Cir. 2015). However, when a sentencing challenge is raised for the first time on appeal, we review for plain error. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). Under plain error, we may correct an error if the defendant demonstrates that (1) there was an error; (2) the error was plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Moore*, 22 F.4th 1258, 1264–65 (11th Cir. 2022).

An error is plain if it violates the plain language of a statute or rule, or where there is binding precedent directly resolving the

issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). A plain error affects substantial rights if it was prejudicial, meaning that the error "actually did make a difference" in the defendant's sentence. *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005). A defendant has not met his burden of showing that his substantial rights have been affected by an error where the effect "is uncertain or indeterminate" and we "would have to speculate." *Id.* at 1301.

Generally, a district court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release. 18 U.S.C. § 3583(e)(3). If the court finds the offender violated supervised release by possessing a firearm, however, the court must revoke the term of supervised release and impose a term of imprisonment not to exceed the maximum authorized under § 3583(e)(3). *Id.* § 3583(g)(2). Because the offense that resulted in the term of supervised release was a class C felony, the maximum imprisonment Wimbley faced upon revocation of supervised release was two years. *Id.* § 3583(e)(3); *see also* 18 U.S.C. § 3559(a)(3). The statutory maximum supervised release term for a Class C felony is three years. 18 U.S.C. § 3583(b). The court was authorized to impose a supervised release term to follow the imprisonment, with the following limitations:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release

4                      Opinion of the Court                    22-11223

> after imprisonment. The length of such a term of su-
> pervised release shall not exceed the term of super-
> vised release authorized by statute for the offense that
> resulted in the original term of supervised release, *less
> any term of imprisonment that was imposed upon
> revocation of supervised release.*

*Id.* § 3583(h) (emphasis added).  Under § 3583(h), the court was authorized to impose a term of supervised release not to exceed three years, less the two-year term of imprisonment it imposed upon supervised release.  Thus, the court was authorized to impose one year of supervised release, which is exactly the term it imposed.

Wimbley has not shown plain error as there is no indication in the record that the district court was unaware of § 3583(h) or that the court was inclined to impose a more lenient supervised release term.  Moreover, Wimbley has not pointed to any instructive, binding precedent holding that a district court's alleged misunderstanding of the statutory maximum supervised release term under § 3583(h) is reversible error where the sentence imposed was within the statutory limits.

**AFFIRMED.**