[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12542

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRELL WILLIAMS,
a.k.a. Terral Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:05-cr-00100-TJC-MCR-1

_____

Before NEWSOM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Terrell Williams appeals the 36-month sentence imposed -- pursuant to 18 U.S.C. § 3583(e)(3) -- upon the second revocation of his supervised release.[1]  Williams first contends that his post-revocation sentence was imposed in violation of his Fifth and Sixth Amendment rights.  Williams also challenges the substantive reasonableness of his sentence.  No reversible error has been shown; we affirm.

In 2005, Williams pleaded guilty to making a materially false statement to a federally-insured financial institution, in violation of 18 U.S.C. § 1014.  Williams was sentenced to 42 months' imprisonment followed by 5 years' supervised release.[2]

After his release from prison, Williams violated the terms of his supervised release by engaging in new criminal conduct.  In March 2016, the district court revoked Williams's supervised release and sentenced Williams to 27 months in prison followed by 33 months of supervised release.

_____

[1] Williams does not challenge the revocation of his supervised release.

[2] Because Williams committed the 2005 offense while on supervised release for two other federal convictions, the sentencing court ordered Williams's 42-month sentence to be served consecutively to the sentences imposed upon the revocation of supervised release in those cases.

Williams began his second term of supervised release in November 2017. In October 2019, a probation officer petitioned the district court to revoke Williams's supervised release for a second time. At the final revocation hearing, Williams admitted guilt to three of the six charged supervised-release violations in exchange for the government's dismissal of the remaining charges. Williams admitted to (1) engaging in new criminal conduct by contributing to the delinquency of a minor; (2) failing to notify his probation officer before changing his residence (a charge based on Williams's absconding from supervision for ten months); and (3) failing to notify his probation officer within 72 hours after being questioned by police.

After determining that Williams's admission was made knowingly and voluntarily, the district court revoked Williams's supervised release. The district court then considered the parties' submissions, the advisory guidelines range (8 to 14 months), and the 18 U.S.C. § 3553(a) factors. The court concluded that a sentence of 36 months' imprisonment with no additional term of supervised release was appropriate.

## I.

We first address Williams's argument challenging the constitutionality of 18 U.S.C. § 3583(e)(3). We review *de novo* arguments about a statute's constitutionality. *See United States v. R. Scott Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010).

Under section 3583(e)(3), a district court may revoke a term of supervised release if the court "finds by a preponderance of the

evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). About reimprisonment, section 3583(e)(3) provides that the district court may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post[-]release supervision" except that a defendant "may not be required to serve *on any such revocation* . . . more than 3 years in prison if such offense is a class B felony . . .." *Id.* (emphasis added).

Williams contends that section 3583(e)(3) impermissibly allows for an increased statutory penalty based on judge-found facts, in violation of the Fifth and Sixth Amendments and the Supreme Court's decision in *Apprendi*.[3] Williams's argument is without merit.

We have already upheld section 3583(e)(3) as constitutional under the Fifth and Sixth Amendments as those rights have been interpreted by *Apprendi* and its progeny. *See R. Scott Cunningham*, 607 F.3d at 1268 (concluding that "§ 3583(e)(3) does not violate the Fifth or Sixth Amendments because the violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

hearing").[4]  In reaching that decision, we explained that -- unlike the criminal defendant in *Apprendi* -- a defendant in a supervised-release revocation proceeding "stands already convicted" of the underlying criminal offense and "was granted only conditional liberty" dependent upon the defendant's compliance with the conditions of supervised release.  *Id*.

Williams has also failed to demonstrate that section 3583(e)(3) is unconstitutional as applied to him.  As an initial matter, Williams admitted under oath (and has never disputed) that he violated the terms of his supervised release.  His sentence, thus, is not based upon "judge-made facts."

Nor has Williams shown that his post-revocation sentence exceeded the statutory maximum penalty for his offense.  Williams was sentenced to a total of 105 months in prison (including his initial 42-month sentence and his two post-revocation sentences of 27 months and 36 months): a sentence that is well-below the statutory maximum penalty of 30 years for his offense of conviction.  *See* 18 U.S.C. § 1014 (providing a statutory maximum sentence of 30 years for making a materially false statement to a federally-insured financial institution).

---

[4] Contrary to Williams's assertion on appeal, our decision in *R. Scott Cunningham* was not abrogated by the Supreme Court's plurality opinion in *United States v. Haymond*, 139 S. Ct. 2369 (2019).  *See United States v. Moore*, 22 F.4th 1258, 1267-69 (11th Cir. 2022) (concluding that *R. Scott Cunningham* remains binding precedent following *Haymond*).

Williams makes two arguments in support of his position that he was sentenced above the statutory maximum penalty for his offense. First, Williams asserts that the maximum term of additional imprisonment the district court could have imposed upon revocation was 33 months: the 60-month statutory maximum term of supervised release authorized for his underlying offense,[5] minus the 27-month prison sentence imposed after the first revocation of supervised release. In making this argument, Williams seems to rely on language in section 3583(h). *See* 18 U.S.C. § 3583(h) (providing that a term of supervised release imposed upon revocation "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release"). Section 3583(h), however, governs the length of a term of post-revocation *supervised release*, not a post-revocation term of *imprisonment* and, thus, is inapplicable here.

Elsewhere in his appellate brief, Williams also contends that the maximum post-revocation sentence the district court could have imposed was nine months. According to Williams, section 3583(e)(3) provides a maximum *aggregate* 36-month term of post-revocation imprisonment for class B felonies. Because Williams already served a 27-month post-revocation sentence, he says the

---

[5] *See* 18 U.S.C. §§ 3559(a)(2) (categorizing offenses with a maximum term of imprisonment of at least 25 years as class B felonies), 3583(b)(1) (providing for a maximum term of five years of supervised release for class B felonies).

district court could sentence him to no more than 9 months of additional prison time.

This argument is foreclosed by our prior precedent. *See United States v. John Cunningham*, 800 F.3d 1290, 1293 (11th Cir. 2015) (concluding that section 3583(e)(3)'s felony-class limits are not subject to aggregation; each time a defendant's supervised release is revoked, the "defendant may be sentenced to the felony class limits contained within § 3583(e)(3) without regard to imprisonment previously served for revocation of supervised release.").

## II.

We next address Williams's challenge to the substantive reasonableness of his sentence. Williams argues chiefly that the district court gave undue weight to his criminal history and risk of recidivism and failed to consider adequately his individual history.

We review a sentence imposed upon revocation of supervised release for reasonableness in the light of the totality of the circumstances and the section 3553(a) factors. *See United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir. 2016). We evaluate the substantive reasonableness of a sentence -- whether one inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). "The party challenging the sentence bears the burden of showing that it is unreasonable." *Trailer*, 827 F.3d at 936.

In imposing a sentence upon revocation of supervised release, the district court must consider (1) the nature and circumstances of the offense, (2) the defendant's history and

characteristics, (3) the need for the sentence to deter criminal conduct and to protect the public, (4) the need to provide the defendant with educational training or medical care, (5) the advisory guidelines range, (6) the policy statements of the Sentencing Commission, (7) the need to avoid sentencing disparities, and (8) the need to provide restitution to victims. *See* 18 U.S.C. §§ 3553(a), 3583(e). We will disturb a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [sentencing] factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *See Trailer*, 827 F.3d at 936 (quotation omitted).

Williams has failed to demonstrate that his above-guidelines sentence substantively was unreasonable. The record reflects that Williams has a lengthy criminal history, including a history of violating the terms of his supervised release. Williams committed the underlying offense in 2005 while on supervised release in two unrelated cases. And Williams committed the instant supervised-release violations after already serving an additional 27-month sentence upon the revocation of his first term of supervised release in this case.

The district court rejected Williams's characterization of his supervised-release violations as being merely "technical." The district court found, instead, that the conduct underlying Williams's violations -- absconding from supervision for 10 months and

staying in a hotel room with a runaway 13- or 14-year-old girl -- were "serious" matters.

In the light of the nature and circumstances of Williams's supervised-release violations and of Williams's history and characteristics, we accept that an above-guidelines sentence of 36 months' imprisonment could be reasonably thought to be necessary to provide just punishment, to provide adequate deterrence, to promote respect for the law, and to protect the public from future crimes.

Contrary to Williams's assertion on appeal, the district court considered expressly evidence that Williams had completed college courses and had become addicted to pain killers following a work-related accident. That the district court afforded more weight to Williams's criminal history that the court did to other mitigating factors is no abuse of discretion. *Cf. United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (quotations and alteration omitted)).

Viewing the record as a whole, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *See Trailer*, 827 F.3d at 936. The district court abused no discretion; we affirm Williams's sentence.

AFFIRMED.