**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12346

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUSTICE MARTINIQUE HOLDEN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:15-cr-00283-LCB-HNJ-16

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Justice Holden appeals her sentence of supervised release following a revocation hearing.   She contends the district court

erred when it imposed a sentence of 9 months' imprisonment followed by 36 months of supervised release because the sentence violated 18 U.S.C. § 3583(h), limiting the total time a defendant can spend on supervised release.  After review, we affirm.

## I.  BACKGROUND

In 2016, Holden pleaded guilty to one count of conspiracy to possess with the intent to distribute a controlled substance, specifically a substance containing a detectible amount of heroin, cocaine hydrocholoride, and cocaine base/crack cocaine (Count 1), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[1]  Holden's plea agreement stated that the maximum punishment for Count 1 was imprisonment for not more than 20 years and a term of supervised release of not less than three years.  At her change of plea hearing, the court advised Holden that the maximum sentence for Count 1 was imprisonment for not more than 20 years and a term of supervised release of not less than three years.  Holden stated she understood the statutory ranges of punishment.  Holden was sentenced to a total term of imprisonment of 36 months, and 36 months' supervised release on Count 1.

In 2020, Holden's supervised release was revoked for the first time, with a term of imprisonment of time served (102 days in custody), and a term of supervised release of "36 months minus 102

---

[1] Holden also pleaded guilty to four counts of using a telephone to facilitate the commission of Count 1 (Counts 10, 11, 13, and 18), in violation of 21 U.S.C. § 843(b).  These counts and the sentences resulting from these counts are not at issue on this appeal.

days." In 2023, Holden's supervised release was revoked for a second time. When imposing the revocation sentence, the court stated:

> She has 628 days possible that I can send her to prison . . . Would she rather do 500 days in prison and have no supervised release to follow or six months, which would be 180 days, with whatever supervised release I can put on her to follow, which one would she prefer?

Defense counsel replied, "Six months with the supervised release." When the court asked how much supervised release it could give to Holden, the probation officer informed the court it could give 26 months. This calculation was agreed upon by defense counsel as well. The court sentenced Holden to 6 months' imprisonment, to be followed by 26 months' supervised release.

In 2025, Holden had a third revocation of supervised release hearing. The district court noted Holden had originally been convicted of a Class C felony and that Holden's supervised release violations qualified as Grade C violations. It also explained that, when Holden was originally sentenced, she was in criminal history category I. Based on this, it noted the Sentencing Guidelines recommended an imprisonment range of three to nine months. Holden and the Government agreed these calculations were accurate.

Holden stipulated to the violations alleged in the petition. The Government stated it believed giving Holden a break would be appropriate if this were her first offense, but it noted this was

her third revocation proceeding.  It contended Holden's behavior on supervision was defiant and argumentative, and noted Holden continued to not only use drugs, but also engage in additional criminal behaviors while on supervised release.

The district court acknowledged Holden's life had not "been great" to her, but it condemned her continued bad choices and defiance of court orders.  It imposed a term of imprisonment of nine months.  It then asked the probation officer the longest supervised release term that it could impose.  The probation officer stated, "Your Honor, I believe the statutory maximum for supervised release, given that the offense of conviction is . . . 21 [U.S.C. §] 841(a)(1), I believe it would be life.  The Court originally imposed 36 months of supervised release in its initial sentence."  The court then ordered Holden to serve an additional 36 months on supervised release.

## II.  DISCUSSION

Holden contends the sentence of 36 months' supervised release imposed at her third revocation hearing is excessive because it varied greatly from the prior sentences she received and is contrary to the actions prescribed in 18 U.S.C. § 3583(e) and (h).  She relies on *United States v. Mazarky*, 499 F.3d 1246 (11th Cir. 2007), and argues that, she, like the defendant there, was advised that the statutory maximum for her crimes was three years of supervised release.  She contends the present term of supervised release, three years, is the statutory maximum and does not account for her served imprisonment time, violating 18 U.S.C. § 3583(h).

As an initial matter, during the revocation hearing, Holden did not object to the 36-month supervised release sentence.[2]  We review whether the district court's sentence was procedurally reasonable for plain error because Holden failed to preserve her § 3583(e) and (h) objections.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (stating we generally review a sentence imposed upon revocation of supervised release for reasonableness, but review only for plain error when a defendant fails to preserve her procedural reasonableness objection).

*A.*  Mazarky

In *United States v. Mazarky*, the defendant was sentenced to 8 months of imprisonment followed by 28 months of supervised release during a revocation hearing under 18 U.S.C. § 841(a)(1). 499 F.3d 1246, 1247 (11th Cir. 2007).  The defendant appealed, arguing his sentence did not comply with 18 U.S.C. § 3583(h) because the court did not subtract the aggregate number of months served in prison from the statutory maximum of supervised release, which he believed to be 36 months.  *Id*. at 1248, 1251-52.  We determined that although the term of supervised release under 18 U.S.C. § 841(a)(1) may exceed 36 months, the defendant was not provided proper notice of this because all parties had treated the statutory maximum as 36 months throughout the entire case.  *Id*. at 1251-52.

---

[2] Holden filed a motion to modify her sentence with the district court, but she did so after she filed her notice of appeal, and the district court denied the motion as moot.  Holden does not challenge the denial of this motion on appeal.

Thus, because neither the government nor the district court advised the defendant that his supervised release term could exceed three years under 18 U.S.C. § 841(a)(1), we held that it "must therefore consider Mazarky's maximum term of supervised release to be three years." *Id.* at 1252. We then vacated his sentence and remanded it to the district court to apply credit for the combined number of months served in prison throughout his past revocations. *Id.*

Holden's reliance on *Mazarky* is misplaced. In *Mazarky*, the maximum term of supervised release was treated as three years throughout the case. 499 F.3d at 1251-52. Unlike in *Mazarky*, Holden's plea agreement listed the correct term of supervised release—*not less than* three years—and the district court informed Holden at her change of plea hearing of the same. Similar to *Mazarky*, the district court in Holden's case did not discuss the potential maximum term of supervised release during the sentencing hearing or during her first revocation hearing, instead applying without explanation an original term of 36 months of supervised release at sentencing and an adjusted sentence of 36 months minus 102 days of supervised release at her first revocation hearing in 2020. Moreover, Holden was directly misled as to the maximum term of her supervised release at her second revocation hearing in 2023, when both the probation officer and defense counsel agreed the maximum term the court could impose was 26 months of supervised release.

However, the probation officer at Holden's third revocation hearing informed the court of the correct term of supervised release stating, "I believe the statutory maximum for supervised release, given that the offense of conviction is . . . 21 [U.S.C. §] 841(a)(1) . . . would be life." Holden did not object to this statement, nor did she object to the court's imposition of a 36-month supervised release term. Holden was advised three different times that her supervised release could exceed 36 months, whereas the defendant in *Mazarky* was never advised of the correct term of supervised release. 499 F.3d at 1251-52. Even though Holden's case bears some similarities to *Mazarky*, the district court did not plainly err when it imposed a 36-month supervised release term. *See United States v. Verdeza*, 69 F.4th 780, 794 (11th Cir. 2023) (explaining "an error cannot be plain unless the issue has been specifically and directly resolved by on point precedent from the Supreme Court or this Court" (alterations omitted)).

*B. 18 U.S.C. § 3583(e) and § 3583(h)*

Generally, the district court may only impose a maximum three-year sentence of supervised release for a defendant who had been sentenced originally for a Class C felony. *United States v. Cunningham*, 800 F.3d 1290, 1291 (11th Cir. 2015) (citing 18 U.S.C. § 3583(b)(2)). However, this general rule has an exception where the underlying offense was for a violation of § 841(b)(1)(C), which requires district courts to, "in the absence of . . . a prior conviction [for a felony drug offense], impose a term of supervised release of *at least* 3 years." 21 U.S.C. § 841(b)(1)(C) (emphasis added). Thus,

although a violation of § 841(b)(1)(C) is a Class C felony, § 3583(b) does not limit the term of supervised release authorized by § 841(b)(1)(C). *United States v. Sanchez*, 269 F.3d 1250, 1286-88 (11th Cir. 2001) (en banc), *abrogated in part on other grounds by United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005).

The district court has discretion to determine how long to imprison the defendant following the revocation of supervised release, provided it does not exceed the maximum term of imprisonment allowed under § 3583(e)(3)'s tiered maximum penalties, based on the class of felony or misdemeanor involved. *See* 18 U.S.C. § 3583(e)(3), (g). Section 3583(h) states "the length of . . . a term of supervised release [following revocation] shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

The district court was not required to reduce Holden's supervised release term by the amount of time she spent imprisoned, as provided by 18 U.S.C. § 3583(h). The term of supervised release authorized according to § 841(b)(1)(C) is life, as it only provides a minimum, and not a maximum term of supervised release. *See United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993) (explaining when a statute provides only a mandatory minimum and not a maximum, the maximum sentence is life). Thus, Holden's sentence cannot violate § 3583(h).

## C. Reasonableness

The district court did not plainly err procedurally in imposing Holden's sentence following the revocation of her supervised release. First, the district court correctly determined that the statute of conviction provided for at least 36 months of supervised release, considering Holden's prior sentence included a violation of § 841(b)(1)(C). *See Sanchez*, 269 F.3d at 1286-88; *see also* 21 U.S.C. § 841(b)(1)(C). Moreover, the 36-month term for supervised release does not exceed the statutory maximum, because it did not have to take into consideration any credit for time that she previously served on post-release supervision. *See Cunningham*, 800 F.3d at 1293. Finally, it also correctly determined she faced three-to-nine months' imprisonment under the Guidelines. *See* U.S.S.G. § 7B1.4(a) (recommending a range of three to nine months' imprisonment upon revocation where a defendant's criminal history category at the time of the offense was I, and her violation was a Grade C violation).

Additionally, the district court did not abuse its discretion substantively. *Holguin-Hernandez v. United States*, 589 U.S. 169, 174-75 (2020) (explaining a defendant may preserve an objection to the substantive reasonableness of a sentence by advocating for a shorter sentence before the district court); *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc) (stating under the abuse-of-discretion standard, we will affirm any sentence that falls within the range of reasonable sentences). Holden's revocation was man-

datory as she violated her supervised release by possessing a controlled substance and tested positive for illegal controlled substances more than three times over the course of a year. *See* 18 U.S.C. § 3583(g)(1), (4). Because her revocation was mandatory under § 3583(g), consideration of the § 3553(a) factors was not required. *See United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000), *abrogated in part on other grounds as recognized by Vandergrift*, 754 F.3d at 1309. However, the court emphasized Holden's continued violation of the law while acknowledging her difficult background. *See* 18 U.S.C. § 3553(a)(1). Additionally, the district court sentenced Holden within the applicable Guidelines range, imposing 9 months' imprisonment followed by 36 months of supervised release. *See Sanchez*, 269 F.3d at 1286-88; U.S.S.G. § 7B1.4(a). That Holden was given a within-Guidelines sentence also shows the sentence's reasonableness, especially given her multiple violations of her terms of supervised release. *See United States v. Hunt,* 526 F.3d 739, 746 (11th Cir. 2008) (explaining while this Court does not automatically presume a within-guidelines sentence is reasonable, it ordinarily expects it to be reasonable).

The district court did not plainly err when it imposed a sentence of 9 months' imprisonment followed by 36 months of supervised release because the sentence did not violate 18 U.S.C. § 3583(h). The sentence was also procedurally and substantively reasonable.

**AFFIRMED.**